```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------ X
                                           :
CLARA DE LEON and ERIC W. MIRSBERGER,      :
JR., individually and on behalf of all     :
others similarly situated,                 :
                                           :          25cv644 (DLC)
                            Plaintiffs,    :
                                           :          MEMORANDUM
                 -v-                       :          OPINION AND
                                           :            ORDER
DRAFTKINGS, INC., et al.,                  :
                                           :
                            Defendants.    :
                                           :
------------------------------------------ X
```

APPEARANCES:

For plaintiffs:

Aaron Michael Tucek
Alexandra Wolfson
Isaac Green
Jon Loevy
Michael Kanovitz
Anand Swaminathan
Loevy & Loevy
311 North Aberdeen Street
3rd Floor
Chicago, IL 60607

For defendants:

Richard R. Patch
Christopher J Wiener
Clifford Yin
Sarah Elizabeth Peterson
Coblentz Patch Duffy & Bass
One Montgomery Street
Ste 3000
San Francisco, CA 94104

Alan Schoenfeld
Andrew S. Dulberg
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center

250 Greenwich Street
New York, NY 10007

DENISE COTE, District Judge:

After the Court granted the defendants' motion to dismiss, the plaintiffs filed a notice of voluntary dismissal without prejudice.  In response, the defendants have moved for an entry of judgment in their favor.  For the following reasons, the defendants' motion is granted.

The plaintiffs filed this action on January 22, 2025.  The defendants filed a motion to dismiss the complaint on April 8.  An Order of April 9 set a deadline for plaintiffs to file an amended complaint and warned the plaintiffs that it was unlikely that they would have a further opportunity to amend.  The plaintiffs filed the amended complaint on May 16 and the April 8 motion was denied as moot.  The defendants filed a renewed motion to dismiss on June 20.  An Opinion of December 11 granted the defendants' June 20 motion.  De Leon v. DraftKings, Inc., No. 25CV644 (DLC), 2025 WL 3551627 (S.D.N.Y. Dec. 11, 2025).  It closed with the sentence: "The defendants' June 20, 2025 motion to dismiss is granted."  Id. at *11.  The case was terminated on ECF the same day.

On December 19, the plaintiffs filed a notice of voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(A), Fed. R. Civ. P.  On January 22, 2026, the defendants moved for entry

2

of judgment in their favor pursuant to Rule 58(d), Fed. R. Civ.

P.  The motion became fully submitted on January 29.

### Discussion

Rule 41(b) of the Federal Rules of Civil Procedure governs

this motion.  Rule 41(a) is addressed to voluntary dismissals;

Rule 41(b) is addressed to involuntary dismissals.  The December

11, 2025 Order was an involuntary dismissal of the plaintiffs'

claims.  Rule 41(b) states:

> Involuntary Dismissal; Effect.  If the plaintiff fails
> to prosecute or to comply with these rules or a court
> order, a defendant may move to dismiss the action or
> any claim against it.  Unless the dismissal order
> states otherwise, a dismissal under this subdivision
> (b) <u>and any dismissal not under this rule</u> —- except
> one for lack of jurisdiction, improper venue, or
> failure to join a party under Rule 19 -- <u>operates as
> an adjudication on the merits</u>.

Fed. R. Civ. P. 41(b) (emphasis supplied).

"[W]e interpret the Federal Rules the same way we interpret

federal laws more generally: by giving them their plain

meaning."  <u>Berk v. Choy</u>, 607 U.S. --, 2026 WL 135974, at *3

(U.S. Jan. 20, 2026) (citation omitted).  When its terms are

"unambiguous, judicial inquiry is complete."  <u>Pavelic & LeFlore

v. Marvel Ent. Grp.</u>, 493 U.S. 120, 123 (1989) (citation

omitted).  "If a Federal Rule answers the disputed question, it

governs, unless it exceeds statutory authorization or Congress's

rulemaking power."  Berk, 2026 WL 135974, at *3 (citation omitted).

The Opinion of December 11 granting the defendants' renewed motion to dismiss operated as an adjudication on the merits under the plain, unambiguous meaning of Rule 41(b) and warrants dismissal with prejudice.  Therefore, the defendants are entitled to an entry of judgment.  This reading of Rule 41(b) accords with the Supreme Court's reading of the Rule.  In Lomax v. Ortiz-Marquez, 590 U.S. 595 (2020), the Court instructed: "When a court dismisses a case for failure to state a claim, but neglects to specify whether the order is with or without prejudice . . . courts [should] treat the dismissal 'as an adjudication on the merits' —- meaning a dismissal with prejudice."  Id. at 600-01.  See Berrios v. New York City Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009).

In their opposition to the defendants' motion, the plaintiffs rely on the wrong provision of Rule 41, the provision that applies to voluntary dismissals.  They argue that a notice of dismissal under Rule 41(a)(1)(A)(i) automatically terminates the lawsuit and is effective the moment it is filed with the clerk.  They contend that a plaintiff may unilaterally dismiss its action without prejudice before a defendant has answered or moved for summary judgment.  They rely primarily on Thorp v.

4

Scarne, 599 F.2d 1169 (2d Cir. 1979), which held that Rule 41 notices are not subject to vacatur absent extreme circumstances. Id. at 1176.  The plaintiffs' argument is misplaced.  The December 11 Opinion granted the defendants motion to dismiss in its entirety.  It was an involuntary dismissal of the plaintiffs' claims and they are bound by Rule 41(b)'s final sentence, which "sets out a different rule for involuntary dismissals."  9 Charles A. Wright & Arthur R. Mller, Fed. Prac. & Proc. Civ. § 2373 (4th ed.).  The case was terminated on ECF when the Opinion issued and in the ordinary course the Clerk of Court would have entered a judgment in the defendants' favor pursuant to Rule 58.  That omission does not alter the impact of the December 11 ruling.[1]  "Thus, because an involuntary dismissal is an adjudication on the merits, it is, in the words commonly used by the federal courts, 'with prejudice.'"  Id.

The plaintiffs next respond to the defendants' description of the Rule 58 process.  Under the Rule, the Clerk of Court "must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment" when "the court denies all relief."  Rule 58(b)(1)(C), Fed. R. Civ. P.  The plaintiffs

---

[1] The Clerk of Court failed to follow its ordinary procedures here and stands ready to enter judgment forthwith for the defendants.  The Court has requested that the Clerk refrain from doing so until this motion is addressed by the Court.

speculate that judgment has not yet been entered despite the mandate in Rule 58 because the Court had not adjudicated their request, made in the last sentence of their opposition papers, that they be "permitted to amend to address any deficiencies" in the event the Court granted the defendants' motion to dismiss in full.  They are wrong.  The defendants' motion requested that all of plaintiffs' claims be dismissed.  The defendants' request was granted.  There was no separate relief to be given.  The plaintiffs had not filed a motion to amend; they had not described how any further amendment would assist them in responding to the defendants' arguments; they had not attached a proposed amended complaint.  Particularly given that the plaintiffs had already been warned that "it is unlikely that plaintiffs will have a further opportunity to amend," the conclusory request for permission to amend once again did not create an unaddressed motion.  See Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." (citation omitted)); see also Solomon v. Flipps Media, Inc., 136 F.4th 41, 55 (2d Cir. 2025) (denial of leave to amend was proper when plaintiff waited until the opposition to the motion to dismiss

to request leave and did not explain how the complaint's defects would be cured).

Accordingly, judgment must be entered in favor of the defendants.  When that judgment is formally entered on the docket, the plaintiffs may appeal, as they suggest they wish to do.

## Conclusion

The defendants' January 22, 2026 motion for entry of judgment is granted.  The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:    New York, New York
          January 29, 2026

_____
DENISE COTE
United States District Judge
